IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**LOUIS EDWARD BROWN, JR.,**

      **Petitioner,**

v.                                          **Case No. 1:16-cv-05307**

**ESKER "LEE" TATUM, Warden,**
**FCI Berlin.[1]**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Louis Edward Brown, Jr., (ECF No. 1), and a response that moves for dismissal of the petition, filed by Respondent. (ECF No. 6). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Petitioner is clearly not entitled to relief; therefore, the undersigned

---

[1] Petitioner was incarcerated in Federal Correctional Institution McDowell in Welch, West Virginia when he filed the instant petition, and he named as Respondent the warden at that facility. Since that time, Petitioner was transferred to Federal Correctional Institution Berlin in Berlin, New Hampshire ("FCI Berlin") where he is presently in custody. *See* Register Number: 17265-084, Federal Bureau of Prisons ("BOP") Inmate Locator, available at https://www.bop.gov/inmateloc (last accessed Feb. 5, 2018). Pursuant to Federal Rule of Civil Procedure 25(d), the warden of the facility in which he is in custody is substituted as Respondent in this case. Further, despite the fact that Petitioner is no longer in custody in the Southern District of West Virginia, the Court retains jurisdiction over this matter. "Jurisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994) (citing *Francis v. Rison,* 894 F.2d 353, 354 (9th Cir. 1990)).

**RECOMMENDS** that his § 2241 petition be **DENIED;** Respondent's motion to dismiss be **GRANTED;** and this matter be **DISMISSED** from the docket of the Court.

## I.     Relevant Factual and Procedural Background

Petitioner was arrested by the Commonwealth of Virginia (the "State") on narcotics charges on November 30, 2012 and was released on bond on March 1, 2013. (ECF No. 6 at 10, 13, 14). On March 26, 2013, Petitioner was arrested and detained by federal authorities and subsequently pled guilty to distribution of heroin in violation of federal law on December 18, 2013. (*Id.* at 10, 16); *United States v. Brown*, No. 7:12-cr-00073-003 (W.D. Va. 2013), ECF Nos. 154, 156. On February 14, 2014, while Petitioner was still in federal custody, a judgment of conviction was entered on his state charges, sentencing him to 1 year and 1 month of incarceration to be served after he completed his federal sentence. (ECF No. 6 at 21). On May 23, 2014, Petitioner received his federal sentence, which imposed a term of 151-months imprisonment. He was granted prior custody credit for the time spent in state custody from November 30, 2012 through March 1, 2013, as well his time in federal custody beginning with his arrest on March 26, 2013 through May 22, 2014, the day before his federal sentence began. (*Id.* at 26-27, 34).

On April 5, 2016, Petitioner filed the instant § 2241 petition, stating that he is improperly committed to federal custody, because he was arrested and sentenced on state charges more than 90 days prior to the federal sentencing. (ECF No. 1 at 6). He contends that he should have been returned to state custody and cannot be made to serve a "piece-meal sentence after a lawful conviction has been entered." (*Id.* at 7). Petitioner further argues that the federal authorities incorrectly have a state detainer lodged against him such that he will be taken into state custody upon his federal release. (*Id.* at 8). In his prayer for relief, Petitioner asks the Court to order Respondent to return Petitioner to

state custody, or "negotiate for a '*nunc pro tunc*' designation, and order Respondent to remove the unlawful detainer, as the State has "no detainer lodged." (*Id.*).

Respondent filed a memorandum in opposition to the § 2241 petition, asking the Court to dismiss this action. To begin, Respondent contends that Petitioner failed to exhaust administrative remedies, which is a precondition to filing a habeas corpus actions and, for this reason, the petition should be summarily rejected. In addition, Respondent argues that Petitioner is properly held in federal custody. Respondent explains that the State relinquished jurisdiction over Petitioner when it released him on bond. Thereafter, federal authorities arrested Petitioner, assuming primary jurisdiction over him, and have maintained primary jurisdiction by detaining Petitioner in federal custody since his arrest. (*Id.* at 4-5).

After filing his petition for habeas relief, Petitioner was moved to FCI Berlin. He sought an extension of time to reply to Respondent's request for a dismissal on the basis that he was placed in the Special Housing Unit (SHU) until August 23, 2016 and needed his legal materials to respond. (ECF No. 8 at 1). The undersigned granted Petitioner an extension through November 11, 2016. (ECF No. 9). However, Petitioner never filed a reply, or moved for a further extension. Therefore, the § 2241 petition is ripe for review.

II. <u>Discussion</u>

Petitioner asserts in this § 2241 action that he is being held improperly in federal custody, arguing that the State has "primary jurisdiction" over him by virtue of arresting and sentencing him prior to imposition of his federal sentence. (ECF No. 1 at 2). Petitioner seeks a transfer to state custody, or a *nunc pro tunc* designation. (*Id.* at 8). He does not expressly counter Respondent's contention that he failed to exhaust available administrative remedies, but indicates in his petition that he challenged the BOP's

3

custody by email and correspondence. Petitioner's grounds for habeas relief are addressed in turn below.

### A. Exhaustion

Although § 2241 does not itself contain an exhaustion prerequisite, courts have judicially imposed a duty on prisoners to exhaust administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 490–91 (1973); *see also McClung v. Shearin,* No. 03–6952, 2004 WL 225093, at *1 (4th Cir. Feb.6, 2004) (citing *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 634 (2d Cir.2001)). The court may, in its discretion, waive exhaustion under certain circumstances, such as "when a petitioner demonstrates futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." *Wright v. Warden,* Civil Action RDB–10–671, 2010 WL 1258181, * 1 (D. Md. Mar. 24, 2010).

The BOP's Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, provides a process by which an inmate can seek review of an issue relating to any aspect of his or her confinement. With certain exceptions, an inmate must first present the issue of concern informally to a BOP staff member within the procedures prescribed by the warden of the institution in which the inmate is confined. *Id.* at § 542.13. An inmate can then file a formal written Administrative Remedy Request on the specified form. *Id.* at § 542.14. If the inmate is unsatisfied with the warden's response to the request, the inmate can appeal the decision to the appropriate regional director and can then appeal the response of the regional director to the general counsel. *Id.* at § 542.15. The administrative remedy request and appeals must comply with the requirements specified by the BOP. *Id.* at §§ 542.14, 542.15.

In this case, Petitioner presented his "improper commitment" issue to various individuals and received a response from the warden of the facility in which he was incarcerated. (ECF No. 1 at 14). However, there is no evidence that Petitioner pursued the formal administrative remedy process, much less exhausted his administrative remedies on this issue. Petitioner does not dispute Respondent's claim and attached documentation that Petitioner has filed only one formal administrative remedy request, and that request concerned a residential reentry center. (ECF No. 6 at 3-4, 10, 38-39). Therefore, the undersigned **FINDS** that Petitioner has not exhausted the available administrative remedies.

### B. Primary Jurisdiction

In any event, even if the Court were to excuse exhaustion in this circumstance, Petitioner clearly fails to assert a meritorious claim that the State has primary jurisdiction over him and his custody should be returned to the State. Primary jurisdiction is generally determined by which sovereign first arrests an individual. *Woods v. Ziegler*, No. 5:13-CV-26595, 2015 WL 1649034, at *5 (S.D.W. Va. Apr. 13, 2015). However, a sovereign can relinquish primary jurisdiction by ***releasing an individual on bail, bond, probation, or parole***; dismissing the charges against the individual; or releasing an individual upon the expiration of the individual's sentence. *Id.* (emphasis added); *Papadapoulos v. Johns*, No. 5:09-HC-2009-FL, 2011 WL 1104136, at *5 n.4 (E.D.N.C. Mar. 22, 2011) (citing *United States v. Cole,* 416 F.3d 894, 896–897 (8th Cir. 2005). In this case, Petitioner was arrested by state authorities and released on bond, which terminated the State's primary jurisdiction over him. *Id.*; (ECF No. 6 at 10, 13, 14). Federal authorities arrested Petitioner while he was free on bond and, as a result, assumed primary jurisdiction over him. (*Id.* at 16). Petitioner has remained in federal custody since

the time of his federal arrest; there have been no actions to relinquish jurisdiction. Therefore, primary jurisdiction properly rests with federal authorities. S*ee United States v. Brown*, No. 7:12-cr-00073-003 (W.D. Va. 2013); *Thomas v. Deboo,* No. 2:11CV57, 2012 WL 1109188, at *4 (N.D.W. Va. Feb. 9, 2012), *report and recommendation adopted,* No. 2:11-CV-57, 2012 WL 1109185 (N.D.W. Va. Apr. 2, 2012) (holding that the State of Ohio had primary jurisdiction over a petitioner by arresting him, but relinquished its jurisdiction by releasing him on bond. Federal authorities then gained primary jurisdiction by arresting and detaining the petitioner; as a result, his claim that he was committed improperly to federal custody was without merit), *Sanders v. Fed. Bureau of Prisons*, No. 7:09CV00026, 2009 WL 1917093, at *4 (W.D. Va. June 30, 2009), *aff'd sub nom. Sanders v. O'Brien*, 333 F. App'x 791 (4th Cir. 2009) (confirming that primary jurisdiction is relinquished by releasing the defendant on bond).

Petitioner's argument that the State assumed primary jurisdiction by convicting and sentencing him before his federal sentence was imposed is unavailing. The record before the Court indicates that Petitioner has remained in federal custody since the time of his arrest by federal authorities, and jurisdiction was never transferred to the State, not even when Petitioner's state conviction and sentence were imposed. (ECF Nos. 1, 6); *Brown*, No. 7:12-cr-00073-003 (W.D. Va. 2013). The result is the same regardless of whether Petitioner was convicted and sentenced by the State *in absentia,* or was "loaned" to the State pursuant to a writ of habeas corpus *ad prosequendum* to appear at his conviction and sentencing, primary jurisdiction still rested with federal authorities. *See United States v. Evans*, 159 F.3d 908, 911-12 (4th Cir. 1998) (holding that a temporary transfer of physical custody pursuant to a writ of habeas corpus *ad prosequendum* does not relinquish primary jurisdiction); *Alazzam v. Hollingsworth*, No. 16-3276(RMB),

2016 WL 6436810, at *4 (D.N.J. Oct. 31, 2016) (holding that the state's act of sentencing the petitioner *in absentia* did not vest it with primary jurisdiction). Therefore, the undersigned **FINDS** that primary jurisdiction over Petitioner rests with federal authorities, and he is not currently entitled to be placed in the State's custody.

### C. *Nunc Pro Tunc* designation

Turning to Petitioner's request for a "*nunc pro tunc* designation," the undersigned **FINDS** the request to be without merit. Petitioner was already granted all possible prior custody credit toward his federal sentence, including the time that he spent in state custody from November 30, 2012 through March 1, 2013, as well his time in federal custody beginning with his arrest on March 26, 2013 through May 22, 2014, the day before his federal sentence began. (*Id.* at 26-27, 34). His federal sentence was also calculated on the earliest possible date, the date on which it was imposed. *Nelson v. Hollingsworth*, No. 5:14-CV-25050, 2016 WL 4942072, at *4 (S.D.W. Va. Aug. 23, 2016), *report and recommendation adopted,* No. 5:14-CV-25050, 2016 WL 4940340 (S.D.W. Va. Sept. 14, 2016) ("A federal sentence cannot begin prior to the date of imposition.") (citations omitted). To the extent that Petitioner asks this Court to order the State to credit his time in federal custody toward his state sentence, the Court has no authority to do so, just as the State would have no authority to direct the BOP to calculate or credit Petitioner's federal sentence in a certain manner. *See, e.g., Dorsey v. Bogden*, 188 F. Supp. 2d 587, 589–90 (D. Md. 2002) (discussing the principle of dual sovereignty).

Therefore, it appears that the only potential relief that Petitioner may seek by stating that he requests a "*nunc pro tunc* designation" is for the BOP to designate a state penal institution as the place of his federal imprisonment, so that Petitioner could theoretically begin to serve his undischarged state sentence while completing his federal

sentence. Under 18 U.S.C. § 3621(b), the BOP is vested with the broad authority to designate as the place of a prisoner's imprisonment "any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable." In making such designation, the BOP considers five enumerated factors, including:

> **(1)** the resources of the facility contemplated;
>
> **(2)** the nature and circumstances of the offense;
>
> **(3)** the history and characteristics of the prisoner;
>
> **(4)** any Statement by the court that imposed the sentence --
>
>> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> **(B)** recommending a type of penal or correctional facility as appropriate; and
>
> **(5)** any pertinent policy Statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

In the typical scenario, when a person who is serving a state sentence incurs a federal sentence, and the federal sentencing judge recommends that the federal sentence be served concurrently with the state sentence, the BOP can designate the state institution in which the person is incarcerated as the place to serve the federal sentence. Sometimes, the BOP does not make such designation until the person completes the state sentence and is taken into federal custody to serve his or her undischarged federal sentence. In that case, the BOP makes a *nunc pro tunc* designation and the person is given credit toward

8

the federal sentence for the time that the person previously spent in state custody since the federal judgment was imposed. *Setser*, 566 U.S. 231, 235 (2012).

Here, the facts of Petitioner's case do not fit the foregoing usual pattern. Petitioner is in federal custody serving his federal sentence. His state sentence has not begun to run; rather, it was imposed either *in absentia* while Petitioner remained in federal custody or when Petitioner was loaned to state authorities on a writ of habeas corpus *ad prosequendum*. In any event, a *nunc pro tunc* designation cannot be made to give Petitioner federal credit for time that he spent serving his state sentence because he has not served any of his state sentence.

Nevertheless, the BOP may still consider the enumerated factors to determine whether to designate a state facility as the place of Petitioner's federal incarceration. In *Alazzam*, a § 2241 petitioner, who was serving a federal sentence and had an outstanding state sentence, sought for the BOP to designate a state prison as the place for him to serve his federal sentence so that he could serve his sentences concurrently. *Alazzam*, 2016 WL 6436810, at *1. The petitioner had filed a formal administrative remedy request and appealed the denial to the appropriate BOP Regional Director, but the Regional Director did not make an individual determination, based upon the five factors in 18 U.S.C. § 3621(b), whether to designate and transfer the petitioner to a state facility for service of his federal sentence. *Id.* at *5. Therefore, the district court granted habeas relief to the extent that it required the Regional Director to make such determination pursuant to the relevant factors. *Id.*

Like *Alazzam*, the State in Petitioner's case has expressed its intention for Petitioner's state sentence to be served consecutively to Petitioner's federal sentence. However, a state's determination regarding the consecutive or concurrent nature of

9

sentences is not binding on federal courts. *See, e.g., Dorsey*, 188 F. Supp. 2d at 589–90 (regarding dual sovereignty). Yet, unlike *Alazzam*, Petitioner has not requested that the BOP designate a state institution as the place for him to serve his federal sentence. Therefore, there is no record for the Court to review the BOP's analysis and decision. Petitioner does not make any argument or attach any documents indicating that he ever requested a *nunc pro tunc* designation from the BOP, challenged the BOP's calculation of his sentence, or in any manner requested that the BOP designate a state facility for the service of his federal sentence. (ECF No. 1). As noted, Petitioner has not disputed that he filed only one administrative remedy request asking to be placed in a residential reentry center. (ECF No. 6 at 3-4, 10, 38-39).

"The BOP has broad discretion in determining whether to grant or deny a prisoner's *nunc pro tunc* designation request, and courts review those determinations for abuse of discretion." *Taylor v. O'Brien*, No. 5:15CV136, 2016 WL 5239600, at *4 (N.D.W. Va. Sept. 22, 2016) (citing *United States v. Evans*, 159 F.3d 908, 911–12 (4th Cir. 1998)). A primary consideration in the BOP's determination will be the sentencing court's statements, or absence of statements, indicating whether it intended for Petitioner's federal sentence to be served concurrently with his state sentence. "Although the BOP has the statutory authority to designate a state facility as a place to serve a federal sentence pursuant to § 3621 ... this authority does not give the BOP the authority to make a determination as to whether two sentences run concurrent or consecutive ... Rather, such a determination lies with the federal sentencing court." *Simpson v. Dunbar*, No. 5:12-HC-2096-FL, 2013 WL 1146780, at *4 (E.D.N.C. Mar. 19, 2013), *aff'd*, 537 F. App'x 221 (4th Cir. 2013) (citing *Setser*, 566 U.S. at 239).

Given that the BOP was not permitted the opportunity to consider Petitioner's request for a *nunc pro tunc* designation and/or any sentence calculation issues claimed by Petitioner, the undersigned **FINDS** such claim should be dismissed for lack of exhaustion. As noted, there is no record which the Court can evaluate to determine the propriety of the BOP's decision, such as the BOP's evaluation of the relevant factors, including the sentencing court's intent regarding a consecutive or concurrent sentence. *See, e.g., Cox v. Ziegler*, No. 5:10-CV-01281, 2014 WL 252033, at *3 (S.D.W. Va. Jan. 22, 2014) (Dismissing § 2241 petition regarding a *nunc pro tunc* designation/sentence calculation claim for failure to exhaust administrative remedies). Should Petitioner avail himself of the full administrative remedy process without relief, only then can the Court review the BOP's decision. Petitioner demonstrates no grounds that the exhaustion requirement should be excused in this circumstance.

Finally, regarding Petitioner's request that the Court order "Respondent to remove the unlawful detainer as the [State] has no detainer lodged," the undersigned **FINDS** that Petitioner fails to show any viable claim under § 2241. Aside from the fact that Petitioner has not exhausted his claim relating to an "unlawful" state detainer, Petitioner "does not challenge any aspect of his present confinement or any effect that the allegedly invalid detainer has on the conditions of his federal incarceration, allegations which would properly invoke jurisdiction under 28 U.S.C. § 2241." *Thompson v. Cross*, No. CIV.A. 3:09-CV-36, 2009 WL 3156705, at *5 (N.D.W. Va. Sept. 29, 2009) (citing *Norris v. Georgia,* 522 F.2d 1006, 1011–12 (4th Cir. 1975); *Morris v. United States*, No. 5:10-CV-00717, 2013 WL 5230635, at *5 (S.D.W. Va. Sept. 16, 2013) ("a federal district court in the state or district of confinement may entertain by habeas corpus a prisoner's challenge to the adverse effects on the conditions of his confinement resulting from the filing of a

11

foreign detainer.") (citing *Norris,* 522 F.2d at 1010); *Smithhart v. Gutierrez*, No. CIV.A. 3:06-CV-11, 2007 WL 2897942, at *4 (N.D.W. Va. Oct. 2, 2007).

Furthermore, to the extent that Petitioner challenges the *validity* of the state detainer, such claim is inappropriately filed in this district. *Skinner v. United States*, 857 F.2d 1469 (4th Cir. 1988) ("A petitioner who attacks the validity of a state detainer must file in the district where the detainer originates, as that district court alone has jurisdiction over the state defendants. A petitioner challenging the effect of a state detainer on his federal sentence may, however, file in the district where he is confined) (internal citations omitted). *Foley v. O'Brien*, No. CIV A 7:09-CV-00212, 2009 WL 5178374, at *1 (W.D. Va. Dec. 29, 2009), *aff'd,* 376 F. App'x 311 (4th Cir. 2010) ("An action pursuant to 28 U.S.C. § 2241 is typically brought in the district where the prisoner is confined; however, where a prisoner attacks an interstate detainer through federal habeas corpus, the district where the detainer originated is the most appropriate forum for challenging the detainer."); *Taylor v. Cty. of Dekalb*, No. CIVA 3:08-CV-70, 2008 WL 4533912, at *2 (N.D.W. Va. Oct. 1, 2008); *Morris v. United States*, No. 5:10-CV-00828, 2013 WL 5230043, at *5 (S.D.W. Va. Sept. 17, 2013), *aff'd,* 557 F. App'x 217 (4th Cir. 2014) ("When a federal prisoner challenges a state detainer pursuant to § 2241, he must exhaust available administrative remedies provided by the InterState Agreement on Detainers ("IAD") in the state lodging the detainer *before* he seeks federal habeas relief.") (internal markings and citations omitted). Petitioner's detainer arises from his conviction in Virginia. Therefore, the undersigned **FINDS** that this Court is not the proper forum in which to resolve an attack on the validity of the State's detainer.

### III. Proposal and Recommendations

Therefore, for the reasons set forth above, the undersigned respectfully

**PROPOSES** that the District Court accept and adopt the findings contained herein and **RECOMMENDS** that Petitioner's § 2241 petition be **DENIED** for failure to exhaust administrative remedies and failure to state a claim upon which relief can be granted; Respondent's motion to dismiss be **GRANTED**; and Petitioner's claims be **DISMISSED**, with prejudice, from the docket of the Court with the exception of Petitioner's claim relating to the BOP's designation of his place of incarceration, which should be dismissed without prejudice.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and

Recommendations" to Petitioner and counsel of record.

**FILED**:  February 26, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge